UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LONDON

CIVIL ACTION NO. 6:06-330

NATHAN COUCH
LINDSEY GREGORY,                                                                              PLAINTIFFS,

v.                                              **OPINION & ORDER**

FREEDOM TRANSPORTATION GROUP, INC.,
RICHARD PENTECOST,
NORTHLAND INSURANCE COMPANY,
AND
JACKIE ADAMSON,                                                                               DEFENDANTS.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Plaintiffs' Motion to Remand (Rec. No. 9) and Motion for Hearing (Rec. No. 11). For the following reasons the Court will DENY both motions.

The Plaintiffs filed this action in Laurel Circuit Court on June 28, 2006. Plaintiffs are Kentucky citizens. (Rec. No. 1, Notice of Removal, State Court Complaint, ¶¶ 1-2). Plaintiffs named Freedom Transportation Group, Inc., Richard Pentecost, Northland Insurance Company and Jackie Adamson as Defendants. None of these Defendants is a Kentucky citizen. (Rec. No. 1, Notice of Removal, State Court Complaint, ¶¶ 3-6).

There is no dispute that the amount in controversy exceeds $75,000. Accordingly, on July 27, 2006, the Defendants removed the case to this Court asserting that the Court has jurisdiction under 28 U.S.C. § 1332, which provides that federal district courts have jurisdiction over cases in which the amount in controversy exceeds $75,000 and the controversy is between citizens of different states.

After the Defendants removed the case to this Court, on August 31, 2006, the Plaintiffs filed

an amended complaint in the state court action in which they added McCloud Claims Service, Inc. ("McCloud") as a defendant. McCloud is a Kentucky citizen. (Rec. No. 9, Motion to Remand, Amended State Court Complaint ¶7). On the same date, Plaintiffs moved to remand this action to state court. (Rec. No. 9). Plaintiffs assert that the matter should be remanded because McCloud is a Kentucky citizen and, thus, this Court does not have diversity jurisdiction.

"[D]etermination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). At the time that this case was removed, federal diversity jurisdiction existed. Further, "once the removal petition is properly filed and notice is given, the entire case is transferred to federal court, and the state court is deprived of jurisdiction unless the federal court subsequently remands it." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993); 28 U.S.C. § 1446(b). Accordingly, the state court had no jurisdiction to accept the amended complaint.

For these reasons, in determining whether removal was proper, the Court cannot consider the amended complaint filed in state court after this matter was removed. There is no dispute that, at the time of removal, this Court had diversity jurisdiction over this matter. Accordingly, the Court hereby ORDERS that the Motion to Remand and Motion for Hearing (Rec. Nos. 9 and 11) are DENIED.

This 4th day of January, 2007.



Signed By:
*Karen K. Caldwell*
United States District Judge